FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2007 JAN 16  A 11: 17

CLERK _Cadell_
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

BETTY J. JAMES,            )
                           )
            Plaintiff,     )
                           )
      v.                   )        CIVIL ACTION NO.: CV206-082
                           )
JO ANNE B. BARNHART,       )
Commissioner of Social Security, )
                           )
            Defendant.     )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff contests the decision of Administrative Law Judge R.O. Foerster ("the ALJ" or "ALJ Foerster") denying her claim for disability insurance benefits and supplemental security income payments. Plaintiff urges the Court to reverse the ALJ's decision and enter an award finding Plaintiff disabled, or, in the alternative, to remand this case for a proper determination of the evidence. Defendant asserts that the Commissioner's decision is supported by substantial evidence and should be affirmed.

Plaintiff filed an application for disability insurance benefits and supplemental security income on June 20, 1996, alleging that she became disabled on May 1, 1994, due to reflex sympathetic dystrophy (RSD) and fibromyalgia. After her claim was denied initially and upon reconsideration, Plaintiff filed a timely request for a hearing. On April 24, 1997, a hearing was held before ALJ Thomas R. Bryan, Jr. and Plaintiff received an unfavorable

AO 72A
(Rev. 8/82)

decision. The Appeals Council vacated this hearing decision and remanded the case to the ALJ level. A second hearing was held on January 19, 2000 before ALJ Bryan and again Plaintiff received an unfavorable decision. The Appeals Council again remanded the case and ordered that a different ALJ be assigned to conduct a hearing. A third hearing was held on September 13, 2001 before ALJ G. William Davenport, who issued a decision of denial. Again the Appeals Council remanded the case. On November 14, 2003, a fourth hearing was held before ALJ R.O. Foerster, who issued a decision of denial which was affirmed by the Appeals Council. (Tr. at 9). ALJ Foerster's decision thus became the final decision of the Commissioner for judicial review.

Plaintiff, born on February 21, 1958, was forty-six (46) years old when ALJ Foerster issued his decision. She has a ninth grade education. (Tr. at 21). Her past relevant work experience includes employment as a nurse's aide and as a crab picker. (Id.).

## **ALJ'S FINDINGS**

Pursuant to the Act, the Commissioner has established a five-step process to determine whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920; Bowen v. Yuckert, 482 U.S. 137, 140, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987). The first step determines whether the claimant is engaged in "substantial gainful activity." Yuckert, 482 U.S. at 140, 107 S. Ct. at 2287. If the claimant is engaged in substantial gainful activity, then benefits are immediately denied. Id. If the claimant is not engaged in such activity, then the second inquiry is whether the claimant has a medically severe impairment or combination of impairments. Yuckert, 482 U.S. at 140-141, 107 S. Ct. at 2291. If the claimant's impairment or combination of impairments is severe, then the evaluation proceeds to step three. The third step requires a determination of whether the claimant's

2

impairment meets or equals one of the impairments listed in the Code of Federal Regulations and acknowledged by the Commissioner as sufficiently severe to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 416.920(d); 20 C.F.R. Pt. 404, Subpt. P. App. 1; Phillips v. Barnhart, 357 F.3d 1232, 1238 (11th Cir. 2004). If the impairment meets or equals one of the listed impairments, the plaintiff is presumed disabled. Yuckert, 482 U.S. at 141, 107 S. Ct. at 2291. If the impairment does not meet or equal one of the listed impairments, the sequential evaluation proceeds to the fourth step to determine if the impairment precludes the claimant from performing past relevant work. Id. If the claimant is unable to perform her past relevant work, the final step of the evaluation process determines whether she is able to make adjustments to other work in the national economy, considering her age, education, and work experience. Phillips, 357 F.3d at 1239. Disability benefits will be awarded only if the claimant is unable to perform other work. Yuckert, 482 U.S. at 142, 107 S. Ct. at 2291.

In the instant case, the ALJ followed this sequential process to determine that after the alleged onset date, there was no evidence that Plaintiff engaged in substantial gainful activity. (Tr. at 22). At step two, the ALJ determined that Plaintiff had generalized anxiety disorder, features of psychotic disorder, a depressive disorder, sympathetic dystrophy, and fibromyalgia, all impairments considered "severe" within the Act. (Tr. at 25). However, the ALJ also determined that Plaintiff's medically determinable impairments did not meet or medically equal a listed impairment. (Id.). The ALJ found that Plaintiff retains the residual functional capacity to perform light work, but cannot use her right arm for repetitive pushing and pulling, and can perform detailed, but not complex jobs. (Id. at 26). At the next step, ALJ Foerster concluded that Plaintiff's past relevant work was precluded by her residual

functional capacity. (Tr. at 27). Finally, the ALJ considered the testimony of the vocational expert, and concluded that, based on Plaintiff's residual functional capacity, age, education, and work experience, there are a significant number of jobs in the national economy which Plaintiff is able to perform. (Tr. at 28). Accordingly, ALJ Foerster found Plaintiff not disabled within the meaning of the Act. (Id.).

## ISSUES PRESENTED

I.   Plaintiff contends that the ALJ erred in posing hypothetical questions to the vocational expert which assumed facts not found in the record.

II.  Plaintiff contends that the ALJ erred in finding that Plaintiff can do certain jobs because those jobs require a reasoning level beyond that which Plaintiff possesses.

III. Plaintiff alleges that the ALJ failed to apply the appropriate psychiatric review technique and failed to execute the psychiatric review technique form (PRTF).

IV.  Plaintiff asserts that the ALJ erred in disregarding testimony of Plaintiff's treating physician without good cause.

## STANDARD OF REVIEW

It is well-established that judicial review of social security cases is limited to questions of whether the Commissioner's factual findings are supported by "substantial evidence," and whether the Commissioner has applied appropriate legal standards. Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990). A reviewing court does not "decide facts anew, reweigh the evidence or substitute" its judgment for that of the Commissioner. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). Even if the evidence preponderates against the

4

Commissioner's factual findings, the court must affirm a decision supported by substantial evidence. Id.

However, substantial evidence must do more than create a suspicion of the existence of the fact to be proved. The evidence relied upon must be relevant evidence which a reasonable mind would find adequate to support a conclusion. Walden v. Schweiker, 672 F.2d 835, 838-39 (11th Cir. 1982). The substantial evidence standard requires more than a scintilla but less than a preponderance of evidence. Dyer, 395 F.3d at 1210. In its review, the court must also determine whether the ALJ or Commissioner applied appropriate legal standards. Failure to delineate and apply the appropriate standards mandates that the findings be vacated and remanded for clarification. Cornelius, 936 F.2d at 1146.

## DISCUSSION AND CITATION TO AUTHORITY

**I.     The ALJ Erred in His Hypothetical Questions to the Vocational Expert**

Plaintiff contends that the ALJ posed incomplete hypotheticals to the vocational expert (VE) because the questions failed to specify the proper extent to which Plaintiff was restricted in the movement of her upper extremities. Since the hypothetical question was incomplete, Plaintiff alleges, the ALJ was not justified in relying on it. Specifically, Plaintiff avers that during the third hearing, the ALJ posed a hypothetical to vocational expert Sabo with the limitation that, with regard to arm use *over shoulder height*, she could do no pushing or pulling and occasional reaching. (Tr. at 480). VE Sabo testified that with these specific limitations, Plaintiff could be a counter clerk, escort vehicle driver, telephone solicitor, call out operator, or surveillance system monitor. (Doc. No. 9, p. 14, Tr. at 480-

5

488). Plaintiff asserts that when counsel posed a hypothetical to VE Sabo which included the same "no pushing or pulling and occasional reaching" limitation, but excluded the fact that this pertained only to arm use *over shoulder height*, (i.e., Plaintiff was limited to no pushing or pulling and only occasional reaching with the arms *at any level*), VE Sabo testified that the jobs he had previously identified would be ruled out. (Doc. No. 9, p. 14, Tr. at 488-489).

Plaintiff contends that with regard to the use of her upper extremities, Dr. Hodges and Dr. Pappas did not limit their restrictions to use over shoulder height. (Doc. No. 9, p. 15, Tr. at 261, 308). Plaintiff contends that when asked by counsel to assume the limitations of Dr. Hodges and Dr. Pappas, Sabo ruled out all the jobs he had previously described. (Doc. No. 9, p. 14, Tr. at 488-489). Plaintiff alleges that the ALJ, in finding that Plaintiff could perform the jobs identified by Sabo, relied on answers to hypothetical questions based on evidence not in the record. (Doc. No. 9, p. 14). Plaintiff contends that because the vocational expert was asked to assume facts not in the record, the ALJ erred in relying on the vocational expert's answer because the response cannot constitute substantial evidence.

Defendant asserts that Dr. Hodges and Dr. Pappas actually found that Plaintiff could not use her upper extremities for *repetitive* movements, and that the hypothetical question propounded to the vocational expert included that limitation by limiting use to only "occasional reaching." (Doc. No. 12, p. 14). Defendant further asserts that while Plaintiff contends that the "over the shoulder" limitation is based on evidence not in the record, Dr. Ramani's records actually reveal Plaintiff suffers from pain with elevation and abduction

6

of the right shoulder, and that, regardless, the limitation makes the hypothetical even more restrictive than the RFC as assessed by the ALJ.

It is clear that any hypothetical questions that the ALJ poses to the vocational expert must comprehensively describe the claimant's impairments. Jones v. Apfel, 190 F.3d 1224, 1229 (11th Cir. 1999). In his decision, ALJ Foerster bases his finding of "not disabled" on VE Sabo's testimony that given limitations including "a limitation on pushing/pulling with her upper extremities," Plaintiff is capable of making a successful adjustment to work that exists in significant numbers in the national economy. (Tr. at 28). It appears that the hypothetical upon which this testimony was based included only a limitation on certain upper extremity use *above the shoulder*, a limitation not imposed by either of Plaintiff's treating physicians. Yet no where in ALJ Foerster's decision does he appear to discount the opinions of the treating physicians, Dr. Hodges and Dr. Pappas, as they relate to the use of the upper extremities. Several times, in fact, he notes these limitations: "Dr. Hodges found evidence of . . . physical restrictions on reaching of the right upper extremity and handling objects with the right hand"; "Dr. Hodges advised . . . [t]he claimant should avoid right upper extremity reaching . . ."; "Dr. Pappas indicated that the claimant . . . could not use her right hand for repetitive pushing and pulling . . .". (Tr. at 21-22). Were he to have rejected these opinions, the ALJ must have done so explicitly and must have articulated the reason for rejection. MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986). That was not done in ALJ Foerster's decision, and therefore the upper extremity limitation, as completely described by the treating physicians, should have been included in a hypothetical to a vocational expert. Upon remand, the ALJ should pose a

AO 72A
(Rev. 8/82)

more thorough hypothetical question to a vocational expert, and should include whatever full upper extremity limitation is reflected by the medical evidence of record.

It is unnecessary to address Plaintiff's remaining enumerations of error at this time.

### CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that the decision of the Commissioner be **REMANDED** pursuant to 42 U.S.C.A. § 405(g).

So **REPORTED** and **RECOMMENDED**, this 16th day of January, 2007.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE